RUTH ROBERSON, Plaintiff, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. DISTRICT ATTORNEY OF KINGS COUNTY, Nonparty Respondent. —In a negligence action to recover damages for personal injuries, the defendant New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated March 16, 1989, as denied that branch of its motion, which was to compel the disclosure of Grand Jury minutes pertaining to the indictment of the plaintiff's alleged assailant.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action, the plaintiff Ruth Roberson seeks damages for personal injuries arising out of an alleged assault on premises owned by the defendant New York City Housing Authority (hereinafter the Authority). In connection with its defense of this action, the Authority moved, *inter alia,* to compel disclosure of the Grand Jury minutes pertaining to the indictment of the plaintiff's alleged assailant. In support of its application, the Authority asserted that the disclosure sought was "important for the proper defense of this action". Leave to inspect the Grand Jury minutes was also sought "to determine and evaluate what the plaintiff * * * said regarding the happening of [the] occurrence and additionally in order that the grand jury minutes could be used for purpose of impeachment and to refresh the recollection of the plaintiff * * * or for the limited purpose of leading hostile witnesses".

A "strong presumption of confidentiality" applies to Grand Jury proceedings *(Ruggiero v Fahey,* 103 AD2d 65, 70; *see also,* CPL 190.25 [4]). Nevertheless, the rule of secrecy is not

absolute and, in the discretion of the trial court, disclosure may be directed when, after a balancing of a public interest in disclosure against the rule of secrecy, the former outweighs the latter *(People v Di Napoli,* 27 NY2d 229, 235). But since disclosure is "the exception rather than the rule", one seeking disclosure first must demonstrate a compelling and particular-ized need for access (Pitler, New York Criminal Practice Under the CPL § 5.7, at 236). "However, just any demonstration will not suffice. For it and the countervailing policy ground it reflects must be strong enough to overcome the presumption of confidentiality. In short, without the initial showing of a compelling and particularized need, the question of discretion need not be reached, for then there simply would be no policies to balance" *(Matter of District Attorney of Suffolk County,* 58 NY2d 436, 444).

The general and conclusory allegations put forward by the Authority in support of its application do not satisfy the "threshold requirement of showing a compelling and particularized need for the Grand Jury testimony requested" *(Ruggiero v Fahey,* 103 AD2d 65, *supra,* at 72; *see also, Melendez v City of New York,* 109 AD2d 13). Accordingly, the Supreme Court properly denied the Authority's application for disclosure of the Grand Jury minutes. Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.