■ In the Matter of ERIC W. NELSON, Appellant, v GERALD F. MOLLEN, as Broome County District Attorney, et al., Respondents.—Levine, J. Appeal from an order of the County Court of Broome County (Callanan Sr., J.), entered December

3, 1990, which denied petitioner's application pursuant to CPL 190.25 and Judiciary Law § 325 to compel disclosure of certain Grand Jury testimony for use in preparing for a civil trial.

In August 1986, petitioner was charged in a three-count indictment with criminally negligent homicide and two counts of assault in the second degree. These charges stemmed from an incident at the parking lot of the Oakdale Mall in the Village of Johnson City, Broome County, where petitioner assaulted James Smith, who ultimately died from his injuries. Petitioner subsequently pleaded guilty to two counts of the indictment and was sentenced to concurrent indeterminate prison terms. He was conditionally released in June 1990.

In July 1987, the victim's widow, respondent Rosemary C. Smith (hereinafter Smith) commenced a wrongful death action against petitioner, asserting causes of action for negligence and intentional assault. Following the filing of the note of issue, petitioner made application to County Court pursuant to CPL 190.25 (4) and Judiciary Law § 325 seeking pretrial disclosure of certain Grand Jury testimony. Specifically, petitioner requested (1) wholesale pretrial disclosure of all Grand Jury testimony or, alternatively, (2) pretrial disclosure of Smith's Grand Jury testimony, and (3) delivery of the Grand Jury testimony to Supreme Court "for use by [petitioner] for the purposes of the cross-examination of any witnesses testifying at [trial] who previously testified before the Grand Jury". Respondent Broome County District Attorney opposed petitioner's application, contending that he had failed to demonstrate a sufficient showing of need. County Court denied the application in its entirety and this appeal ensued. Petitioner now challenges only the denial of his second and third requests.

Initially, we reject petitioner's contention that County Court erred in denying his second request for pretrial disclosure of Smith's Grand Jury testimony. It is firmly established that Grand Jury proceedings are secret (see, CPL 190.25 [4]) and may not be disclosed in the absence of a threshold showing of compelling and particularized need for access (see, Matter of District Attorney of Suffolk County, 58 NY2d 436, 444; Roberson v City of New York, 163 AD2d 291, 292). In the event that such a showing is made, the court must then exercise its discretion by balancing the public interest in disclosure against the public interest in secrecy to determine whether disclosure is warranted (see, Matter of District Attorney of Suffolk County, supra; People v Di Napoli, 27 NY2d 229, 234). Here, petitioner claimed that because Smith's complaint al-

leged inconsistent causes of action, i.e., negligence and intentional assault, he needed access to Smith's prior testimony to determine whether she took a definite position during the Grand Jury proceeding. This conclusory allegation clearly did not amount to a showing of compelling and particularized need sufficient to warrant disclosure *(see, Matter of District Attorney of Suffolk County, supra,* at 445-446). Rather, petitioner's request was directed more obviously toward enabling him to prepare for trial, a purpose for which disclosure has traditionally been denied *(see, Martinez v CPC Intl.,* 88 AD2d 656; *Jones v State of New York,* 79 AD2d 273, 276).

As to petitioner's third request, it is our view that County Court erred in refusing to direct delivery of the Grand Jury minutes to Supreme Court. Prior Grand Jury testimony may properly be used in a subsequent civil trial for impeachment, as well as for refreshing a witness's recollection or leading a hostile witness *(see, People v Di Napoli, supra,* at 237; *Martinez v CPC Intl., supra; see also,* VIII Wigmore, Evidence § 2363, at 737 [McNaughton rev 1961]). While recognizing that the foregoing purposes are insufficient to support a request for wholesale pretrial disclosure of Grand Jury minutes *(see, e.g., Melendez v City of New York,* 109 AD2d 13; *Ruggiero v Fahey,* 103 AD2d 65), we see no reason, under the circumstances of this case, not to permit Supreme Court in the civil action to make relevant portions of the Grand Jury minutes available to the attorneys for the parties for such limited use upon trial *(see, Martinez v CPC Intl., supra).* Accordingly, the Grand Jury minutes should be submitted to Supreme Court immediately prior to trial.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner's application to deliver the Grand Jury minutes to the Supreme Court; petition granted to that extent; and, as so modified, affirmed.