■ In the Matter of STEPHEN F. LUNGEN, as District Attorney of Sullivan County, Petitioner, v ANTHONY T. KANE, as Judge of the Sullivan County Court, et al., [630 NYS2d 96] Respondents. Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent Sullivan County Judge from releasing the Sullivan County Grand Jury testimony of certain witnesses for use in a criminal proceeding in Orange County.

In June 1994, respondent George McMahon was charged in a multicount indictment in Sullivan County with, *inter alia*, burglary in the second degree, grand larceny in the third and fourth degrees and criminal possession of stolen property in the third degree. In September 1994, he was also charged in two separate indictments in Orange County with, *inter alia*, burglary in the second degree and grand larceny in the third and fourth degrees. According to McMahon, the evidence seized as a result of a search of his home in Sullivan County was part of the basis for the charges in both counties. He moved in both Sullivan County Court and Orange County Court to suppress the evidence seized in the search. In addition, with respect to the Orange County criminal proceeding, McMahon moved in Sullivan County Court for the Sullivan County Grand Jury testimony of several individuals. He claimed, *inter alia*, that these individuals would be witnesses at the suppression hearing in Orange County Court and that their Grand Jury testimony related directly to the issues that would be raised in that hearing. These individuals did not testify before the Orange County Grand Jury.

By order dated March 22, 1995, respondent Sullivan County Judge partially granted McMahon's request by directing petitioner to turn over the Sullivan County Grand Jury testimony of two individuals to Orange County Court to be reviewed by said court, in camera, to determine its relevance and proper use. Petitioner then initiated this proceeding seeking a writ of prohibition.

Contrary to petitioner's contentions, we conclude that Sulli-

van County Court did not err in ordering the release of the transcript of certain portions of the Sullivan County Grand Jury testimony to Orange County Court. In doing so, we initially note that McMahon, in the Orange County matter, would have been entitled, under the *Rosario* doctrine (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866), to pretrial disclosure of any testimony before a Grand Jury in *Orange* County made by a witness scheduled to testify at either a pretrial hearing or the trial itself (*see,* CPL 240.44 [1]; 240.45 [1]). Here, however, the sought after Grand Jury testimony was not available as *Rosario* material in the Orange County proceeding because it was made before another county's Grand Jury (*see, People v Astacio*, 173 AD2d 834, *lv denied* 78 NY2d 1009, 79 NY2d 824; *see also, People v Flynn*, 79 NY2d 879, 882). McMahon was therefore required to seek disclosure pursuant to CPL 190.25 (4) (a). Under that statute, Grand Jury proceedings are deemed secret and may not be disclosed absent a court order. Because only the court in charge of a Grand Jury may release its testimony, McMahon was required to apply to Sullivan County Court for disclosure (*see, People v Astacio, supra*). Furthermore, insofar as McMahon's request was being made pursuant to CPL 190.25, he was required to make a threshold showing of a "compelling and particularized need for access" (*Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444). In the absence of such a showing, we do not reach the question regarding the exercise of discretion by the court in weighing the public interest in disclosure against the public interest in secrecy (*see, supra; Roberson v City of New York*, 163 AD2d 291).

A review of the record in this case reveals that McMahon did not demonstrate the requisite threshold showing. He sought full disclosure of the Grand Jury testimony directly to his counsel and his allegations did not amount to a showing of compelling circumstances sufficient to warrant such disclosure under CPL 190.25 (*see, Richburg v Morgenthau*, 184 AD2d 316; *Matter of Nelson v Mollen*, 175 AD2d 518; *Roberson v City of New York, supra*). Nevertheless, we are of the view that Sullivan County Court properly directed delivery of certain portions of the Grand Jury testimony to Orange County Court for its in camera review. In reaching this conclusion, we emphasize that there has been no violation of those interests sought to be protected under CPL 190.25. That is, full disclosure was not warranted nor granted. Rather, we view Sullivan County Court's order as being limited to an in camera transfer to Orange County Court for the latter to determine whether such minutes should be made available to defense counsel for the

recognized permitted uses under the principles of *Rosario*. This protects the interests of all involved parties and is also in accord with the Court of Appeals' conclusion in *Rosario* that if a defendant is not permitted to examine pretrial statements of proposed witnesses, "there is always a danger that something will be withheld from defense counsel which may assist him in impeaching the prosecution's witness" (*People v Rosario, supra*, at 290). At the same time, the policy reasons for secrecy sought to be preserved by CPL 190.25 (4) (a) have not been violated. That is, there has not been a premature release of the minutes to defense counsel. Under the principles set forth in *Rosario*, and given the record before us, the concept of fundamental fairness permits the transfer of the Sullivan County Grand Jury minutes to Orange County Court as limited by Sullivan County Court's order.

Mikoll, White, Casey and Spain, JJ., concur. Adjudged that the petition is dismissed, without costs.