■ In the Matter of ROBERT M. LUSTBERG et al., Appellants, v JAMES T. CURRY, as Hamilton County District Attorney, et al., Respondents. [652 NYS2d 130] —Mikoll, J. Appeal from an order of the Supreme Court (Main, Jr., J.), entered March 5, 1996 in Franklin County, which denied petitioners' application pursuant to CPL 190.25 and Judiciary Law § 325 to compel disclosure of, *inter alia*, certain Grand Jury testimony for use in preparing for a civil trial.

Petitioners are plaintiffs in civil rights suits pending in the US District Court for the Northern District of New York against respondents James T. Curry and County of Hamilton. Two of the actions are alleged to arise by reason of Curry's conduct as Hamilton County District Attorney in his investiga-

tion of petitioners Robert M. Lustberg and John Hosley, Jr. As the result of such investigation, Curry presented evidence to a Hamilton County Grand Jury, which returned indictments against both Lustberg and Hosley. Thereafter, Lustberg's indictment was dismissed on motion and Hosley was acquitted after trial.

In his Federal action, Lustberg sought discovery of various Grand Jury materials, as well as certain documents sealed by a County Judge. As a matter of comity, the Federal District Court ordered that Lustberg direct his application to the appropriate State court. Consequently, petitioners made the instant application, pursuant to CPL 190.25 and Judiciary Law § 325, to compel disclosure of the Grand Jury testimony and other related materials. Supreme Court denied the application in its entirety and petitioners now appeal.

It is now axiomatic that a party seeking Grand Jury materials must demonstrate a "compelling and particularized need" therefor and, absent such a showing, the secrecy of the Grand Jury proceedings are deemed paramount (*Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444). Here, petitioners' application is based upon the bare allegations contained in their Federal complaints without any specificity as to what is needed and a showing that sources other than the Grand Jury materials are inadequate to provide the information that petitioners seek (*see, supra*; *see also, Richburg v Morgenthau*, 184 AD2d 316; *Matter of Nelson v Mollen*, 175 AD2d 518; *Roberson v City of New York*, 163 AD2d 291). Accordingly, Supreme Court properly denied petitioners' application.

We are also of the opinion that Supreme Court properly denied petitioners' request for disclosure of Curry's February 23, 1994 affidavit, the records in the civil case of *Holsey v Curry* and the audio tapes of the meetings of the Hamilton County Board of Supervisors. Those items have nothing to do with the Grand Jury materials sought by petitioners in their Federal actions and are more appropriately the subject of disclosure under the Federal Rules of Civil Procedure.

Cardona, P. J., White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.