*767
 
 OPINION OF THE COURT
 

 Bellacosa, J.
 

 A Grand Jury indicted defendant pharmacist for the crimes of criminal possession of stolen property in the first degree (Penal Law § 165.54) and criminal diversion of prescription medications and prescriptions in the first degree (Penal Law § 178.25). The indictment grew out of an investigation by the Attorney-General’s Medicaid Fraud Unit involving other defendants and the suspected diversion of millions of dollars worth of special prescription drugs.
 

 Defendant moved for inspection of the Grand Jury minutes to determine legal sufficiency (CPL 210.30 [2]). County Court examined the minutes in camera, pursuant to CPL 210.30 (3). That court determined that the Grand Jury instructions were prejudicial to defendant, resulting in defective Grand Jury proceedings (CPL 210.35 [5]). The trial court then turned over nine pages of the instructions to defendant and dismissed the indictment, with leave granted to the People to re-present the matter to a new Grand Jury. The People filed an appeal with the Appellate Division (CPL 450.20 [1]).
 

 Because the People failed to fulfill a condition directing the People to supply defendant with a complete set of Grand Jury minutes and all exhibits, the Appellate Division dismissed the People’s appeal from a County Court order dismissing the indictment against defendant. That court also dismissed the People’s discrete, though somewhat related, appeal from the County Court order settling the record on appeal. A Judge of this Court granted the People leave to appeal as to both Appellate Division orders (CPL 470.60 [3]).
 

 We conclude that the Appellate Division improperly conditioned the People’s appeal from the order dismissing the indictment on production of the complete Grand Jury minutes and exhibits, without considering whether that material was a prerequisite for the People’s right to have the appeal heard. The settlement-of-record appeal was properly dismissed because that kind of order is not appealable
 
 (see,
 
 CPL 450.20). The lack of absolute symmetry in the overlapping statutory avenues and procedures, however, is not a bar to this Court’s correction of the Appellate Division’s evident misapprehension of its review powers with respect to the unquestionably statutorily authorized appeal taken by the People as of right from the dismissal of the indictment.
 

 The parties have been engaged in strategic maneuverings concerning the contents of the record on appeal at the Appel
 
 *768
 
 late Division level. Defendant pushed for inclusion of the complete Grand Jury minutes on the ground that the People might argue at the Appellate Division that the evidence before the Grand Jury was sufficient to support an indictment and that any error in the instructions was harmless. The People stood pat against disclosure, arguing that because the trial court’s dismissal of the indictment was grounded solely on the allegedly improper instructions, the evidentiary portions of the Grand Jury minutes were not relevant to the appeal. Moreover, the People argued that inclusion of the statutorily confidential minutes of the Grand Jury evidence in the appellate record would compromise the ongoing investigation of these fraudulent practices.
 

 While the People’s appeal was pending on the dismissal of the indictment, County Court issued an order settling the appellate record. The court directed the People to include the full transcript of the Grand Jury minutes and all of the exhibits in the record. The order also directed the People to turn over all of the Grand Jury material to defendant. The People refused and discretely appealed from the order settling the record, arguing that defendant never demonstrated a compelling and particularized need for access to the disputed Grand Jury evidentiary materials.
 

 When the People’s time to perfect the appeal from the dismissal of the indictment elapsed, defendant formally moved to dismiss that appeal on the ground that the People failed to provide the Grand Jury minutes and exhibits as required by the discrete order settling the record. Defendant also moved conditionally to dismiss the People’s appeal from the order settling the record, contending that if the appeal from the order tossing out the indictment was dismissed by the Appellate Division, the People’s appeal from the order settling the record would be moot.
 

 The Appellate Division summarily granted defendant’s motion to dismiss the appeal from the order nullifying the indictment in these decretal words: “It is hereby ordered that said motion be, and the same hereby is, granted, unless [the People] shall serve the Grand Jury minutes on counsel for [defendant] on or before December 1, 1997, and in the event of failure to so serve, this appeal be, and the same hereby is, dismissed without further order.” When the People failed to turn over the minutes by December 1, the dismissal automatically took effect. The Appellate Division then also summarily dismissed the People’s appeal from the order settling the record.
 

 
 *769
 
 We are satisfied that the Appellate Division properly dismissed the appeal from the County Court order settling the record. The Criminal Procedure Law expressly enumerates and describes the orders appealable by the People to the Appellate Division in a criminal case
 
 (see,
 
 CPL 450.20); an order settling the record does not appear on that exclusive list. Nevertheless, the Appellate Division improperly conditioned the People’s appeal from the order dismissing the indictment on production of the complete Grand Jury minutes and exhibits, without reviewing whether that material could serve as a prerequisite for the People’s right to have the substantive appeal heard. That court should have considered the People’s unqualified right to that appeal, within the intermediate appellate court’s own review powers as to whether those materials were properly required to be included in the record on appeal with an unqualified right for the opposing party to receive copies.
 

 Irrespective of the independent nonappealability of the settlement-of-record order, the County Court order in that regard could neither curtail the Appellate Division’s plenary power nor preempt the Appellate Division’s review authority relating to the People’s statutory right to an appeal of the dismissal of the indictment.
 

 We have previously noted that “secrecy has been an integral feature of Grand Jury proceedings since well before the founding of our Nation”
 
 (Matter of District Attorney of Suffolk County,
 
 58 NY2d 436, 443). The reasons for this venerable and important policy include preserving the reputations of those being investigated by and appearing before a Grand Jury, safeguarding the independence of the Grand Jury, preventing the flight of the accused and encouraging free disclosure of information by witnesses
 
 (id.,
 
 at 444).
 

 Although “the rule of secrecy is not absolute,” a presumption of confidentiality attaches to the record of Grand Jury proceedings (i
 
 d.; see also,
 
 CPL 190.25 [4] [a]). The presumption can be overcome only by a defendant’s demonstration of “a compelling and particularized need for access” to the Grand Jury material
 
 (Matter of District Attorney of Suffolk County, supra,
 
 58 NY2d, at 444). If a defendant meets that initial burden, the trial court must then balance the public interest for disclosure against the public interest favoring secrecy
 
 (id.).
 
 Where the former outweighs the latter, the trial court may exercise its discretion to direct disclosure
 
 (id.).
 

 Instead of addressing this analytical step here, the Appellate Division evidently considered itself constrained by the
 
 *770
 
 unappealable County Court order settling the record that would have required production and turnover of the Grand Jury evidentiary materials, regardless of the overarching disclosure protection and policy. An important ingredient of this nature is not insulated from all appellate review. That would be unwise, imprudent, and unwarranted.
 

 Before encumbering the People’s statutory right of appeal with a condition precedent of this blanket turnover of the Grand Jury materials, the Appellate Division should have determined the inextricably related element as to whether the Grand Jury materials were properly subject to exceptional disclosure to the defendant (compare,
 
 People v Bleakley,
 
 69 NY2d 490 [dealing with the Appellate Division’s exercise of its full powers]). Otherwise, the intermediate appellate court’s conditional order would inappropriately constrict its own powers and also put the People at an impassable crossroads: do not comply, and lose the statutorily authorized appeal, as occurred here; or comply, and thus breach the Grand Jury secrecy protections, provided by statute and long-standing policy, while also compromising an ongoing criminal fraud investigation involving public monies.
 

 Here, no one should overlook the fact that the record is barren of any satisfaction or showing by defendant concerning his initial burden to demonstrate a compelling and particularized need for access to the complete Grand Jury minutes and exhibits. His strategic argumentation about what the People might urge on the appeal to the Appellate Division is unavailing. Moreover, his alternative suggestion that the People might have other remedies to deal with their conundrum, through collateral civil proceedings and the CPLR, is unpersuasive and diversionary.
 

 The essence of this matter is County Court’s dismissal of the indictment, resting exclusively on its finding of improper Grand Jury instructions. Defendant’s argument below in support of his request for unqualified, unreviewable disclosure of the Grand Jury materials to him was that the People might argue at the Appellate Division that the evidence before the Grand Jury was sufficient to support an indictment, and that any error in the instructions was therefore harmless. This speculative foundation surely does not supply support at the level of a compelling and particularized need that would allow access to otherwise confidential Grand Jury evidence involving an ongoing investigation. The defendant failed to meet his initial burden of overcoming the protective presumption, and no coun
 
 *771
 
 tervailing policies are present for the court to balance. Thus, no room is left or evident for the exercise of some residual form of discretion by the Appellate Division in dismissing the People’s primary substantive appeal from the dismissal of an indictment. This was not just management of an appeal in the intermediate appellate court. Its order cut to the bone of the People’s statutory right to be heard in that court.
 

 Accordingly, the order of the Appellate Division dismissing the appeal from County Court’s order (dismissing the indictment) entered July 2, 1997 should be reversed and the case remitted to the Appellate Division to hear the appeal; the other order of the Appellate Division dismissing the appeal from County Court’s order (settlement of record) entered August 14, 1997 should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Smith, Levine, Ciparick and Wesley concur.
 

 On appeal from the order of the Appellate Division dismissing the appeal from County Court’s order entered July 2, 1997, order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein; on appeal from the order of the Appellate Division dismissing the appeal from County Court’s order entered August 14, 1997, order affirmed.