OPINION OF THE COURT
Patrick J. McGrath, J.
Petitioner, Troy Publishing Co., Inc., publisher of the newspaper The Record, brings an order to show cause requesting an order unsealing the Grand Jury record in the above case, pursuant to CPL 190.25 (4) (a), allowing petitioner access to that record, and allowing the copying of it as needed. The *881 District Attorney of Rensselaer County, Kenneth Bruno, having appeared, did not oppose the requested relief.
Cipolla and Martin, after being acquitted of charges brought in the above case, have commenced a Federal civil action against Henry Zwack, the Rensselaer County Executive, and others related to the prosecution of the above case.
Cipolla and Martin allege that the Grand Jury proceeding was tainted because “the Individual Defendants caused the creation of false and forged documents to be used as evidence against the Plaintiffs in the grand jury and at trial and in order to cover up Zwack’s wrongful acts” (para 40 of Federal complaint). Cipolla and Martin also allege that “Bruno and the assistant district attorney assigned to the case, David Rynkowski (‘Rynkowski’), guided the investigation of the Van Ort matter and the grand jury proceedings in connection therewith, in a manner designed to protect Zwack and the other Individual Defendants and which was also designed to result in indictments of the Plaintiffs” (para 41 of Federal complaint).
Because of the Federal lawsuit, Zwack brought an order to show cause unsealing the Grand Jury record in the above case, contending that he could not properly defend himself in the Federal lawsuit without access to the Grand Jury record. Thus, Zwack had met his burden of showing a compelling interest for unsealing (Matter of District Attorney of Suffolk County, 58 NY2d 436, 444). This court granted his order to show cause and unsealed the Grand Jury minutes for only the litigants to the Federal civil action.
It is in the context of the above that the present order to show cause has been brought.
There is a presumption of public access to judicial documents which “exists, in part, because public monitoring of the courts is an essential feature of democrative control and accountability.” (United States v Salemme, 985 F Supp 193, 195 [D Mass 1997].) And, concomitantly with the right of the public to monitor the courts goes the right of a newspaper “to publish information concerning the operation of government.” (Nixon v Warner Communications, 435 US 589, 598.)
Juxtaposed to the above principles is the fact that “a presumption of confidentiality attaches to the record of Grand Jury proceedings [citations omitted].” (People v Fetcho, 91 NY2d 765, 769.)
Whether disclosure is permitted “is addressed to, and rests in, the trial judge’s discretion. [Citations omitted.] In exercis *882 ing this discretion, the court must balance the competing interests involved, the public interest in disclosure against that in secrecy.” (People v Di Napoli, 27 NY2d 229, 234.)
Most of the factors in favor of confidentiality of Grand Jury minutes relate to pending trials and are therefore inapplicable here. (Supra, at 235.) The only one applicable to the case at bar is the “assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely.” (Supra, at 235.)
In relation to this factor, the court points out that, due to its previous decision related to the unsealing of the Grand Jury record, the record will be utilized in the pending Federal suit and may thus reach the public via the Federal courts no matter what happens here.
But more importantly, the integrity of the Grand Jury system as well as county government is at question. The accusations in the Federal action go to the heart of the Grand Jury process and county government and disclosure to the public in order to maintain the integrity of the Grand Jury process and county government creates a compelling interest for disclosure.
Moreover, this is not a situation where the information to the above questions was available from other sources. (Compare, Matter of District Attorney of Suffolk County, supra, at 444.) The only way to obtain information related to allegations of corruption of the Grand Jury process is to delve into the Grand Jury record. The Grand Jury record is at the center, not the periphery, of the Federal lawsuit and of further allegations that have come to the attention of the court recently which have caused it to appoint a special prosecutor to investigate the latter allegations.
The court orders that the entire Grand Jury minutes in the above case be unsealed completely and be made available to the Troy Publishing Co., Inc., and to any other members of the public or media, allowing them access to the original record for copying as needed. Only the actual cost of the copying is to be reimbursed by the party obtaining the transcripts.
The Rensselaer County District Attorney and/or his Assistants may disclose the nature or substance of any Grand Jury testimony or evidence pursuant to CPL 190.25 (4) (a).