OPINION OF THE COURT
Memorandum.
In each case, the order of the Appellate Division should be affirmed.
Defendants contend that the Appellate Division violated their appellate due process rights when it denied their requests for access to grand jury minutes. As a threshold matter, a party seeking disclosure of grand jury minutes must establish a compelling and particularized need for them. Only then must the court balance various factors to assess, in its discretion, whether disclosure is appropriate under the circumstances presented (People v Fetcho, 91 NY2d 765, 769 [1998]; Matter of Lungen v Kane, 88 NY2d 861, 862-863 [1996]; Matter of District Attorney of Suffolk County, 58 NY2d 436, 444 [1983]). This *757 two-step procedure comports with the requirements of due process (see generally, People v Ramos, 85 NY2d 678, 684 [1995]).
In these appeals, defendants did not meet their threshold burden of demonstrating a compelling and particularized need for the minutes. We conclude, therefore, that the Appellate Division did not abuse its discretion and did not deprive defendants of their rights to appellate due process and effective assistance of appellate counsel in either case.
The additional contention raised by defendant Robinson relating to the sufficiency of the evidence supporting the assault in the second degree charge is without merit.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
In each case: Order affirmed in a memorandum.