■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BATISTA, Appellant. [753 NYS2d 47] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered October 30, 1998, convicting defendant, upon his plea of guilty, of attempted burglary in the first degree, and sentencing him to a term of 3 to 6 years, unanimously affirmed.

By pleading guilty, defendant forfeited his right to challenge the propriety of the grand jury proceedings. The court's alleged error in permitting a resubmission pursuant to CPL 190.75 (3) was not of a constitutional or jurisdictional nature. The question presented is whether the court improvidently exercised its discretion in granting leave to resubmit, not whether the court had jurisdiction over defendant. Thus, defendant's claim is foreclosed by his guilty plea (*see People v Hansen*, 95 NY2d 227). In any event, we conclude that the court properly exercised its discretion under CPL 190.75 (3).

This Court's orders, which denied defendant's motion for release of the grand jury minutes and denied defendant's motion for reargument thereon, "are dispositive of defendant's claim, offered in connection with the motions and repeated in his appellate brief, that the absence of such minutes unduly hinders defendant's ability to present an appeal" (*People v Alvarado*, 269 AD2d 104, 104-105, *lv denied* 94 NY2d 916). In any event, defendant has failed to establish a compelling need for the grand jury minutes (*see People v Robinson*, 98 NY2d 755; *People v Fetcho*, 91 NY2d 765), particularly since the issue that defendant seeks to raise was forfeited by his guilty plea, and since the existing record on appeal is sufficient to determine that issue in any event.

Defendant's challenge to the factual sufficiency of his plea allocution is unpreserved (*People v Lopez*, 71 NY2d 662), and we

decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's factual recitation during the allocution established that defendant entered the building with intent to commit a crime, and that nothing in the allocution cast doubt on his guilt (*see People v Toxey*, 86 NY2d 725). Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.