470

[906 NYS2d 882]

ANDREW B. OSTROY, Individually and as Executor of ADRIENNE LEVINE, Deceased, and as Parent and Natural Guardian of SOPHIE OSTROY, an Infant, Plaintiff, v SIX SQUARE, LLC, et al., Defendants. BRADFORD GENERAL CONTRACTORS CO., INC., et al., Third-Party Plaintiffs, v DIEGO PILLCO, Third-Party Defendant.

Supreme Court, New York County, August 16, 2010

## APPEARANCES OF COUNSEL

*White, Fleischner & Fino, LLP*, New York City (*Jason Steinberg* of counsel), for Bradford General Contractors Co., Inc., and another, defendants. *Giskan, Solotaroff & Stewart, LLP*, New York City (*Robert L. Herbst* of counsel), for plaintiff. *Cyrus R. Vance, Jr., District Attorney*, New York City (*Laura Greenberg* of counsel), for New York County District Attorney.

## OPINION OF THE COURT

Louis B. York, J.

### The Facts, Briefly

This is a wrongful death action. The deceased, Adrienne Levine, was murdered. Diego Pillco was convicted of her murder and is serving a sentence of 25 years.

### Nature of the Action

Her husband, Andrew Ostroy, is suing, as executor of the deceased's estate, as well as in his personal capacity, and as natural guardian of their infant daughter. The defendants have impleaded Diego Pillco.

### The Motion and Stipulation

The defendants have served an order to show cause seeking to compel the District Attorney to respond to plaintiff's discovery demands. The plaintiff has joined in support of the motion. Thereafter, the parties stipulated to submit the minutes of the grand jury proceedings to me, in camera, to determine whether all or any part of these minutes should be revealed to the litigating parties.

### Contentions

The District Attorney objects to the release of these minutes, arguing that they should remain secret to protect the identity of witnesses, guarantee the independence of the grand jury, protect the integrity of an ongoing proceeding, and insure against the tampering of witnesses and witness cooperation with future grand juries.

Moreover, the District Attorney contends that only the judge supervising the grand jury proceedings has the authority to rule on the release of grand jury minutes.

The defendants and the plaintiff point out that there are many reasons to make an exception to this rule. This action, involving a murder and the attendant notoriety involving the possibility of the hanging of the deceased and the undocumented

alien status of the murderer, creates a very sensitive situation. The minutes in question, they argue, may lead them to important witnesses, and may also assist in cross-examination and impeachment of third-party defendant Pillco and other witnesses. They may reveal evidence pertinent to the case. They also point out that many of the witnesses are undocumented aliens who may be unwilling to come forward on their own and whose addresses may be very difficult to obtain. Moreover, such witnesses may have information about the major issues in this case which are whether the murder occurred in the ordinary course of business so that liability is attributable to defendant and third-party plaintiff Bradford General Contractors Co., Inc., and whether the defendant negligently hired and trained the third-party defendant.

Decision

Grand jury proceedings are secret and may only be disclosed under very narrow circumstances. CPL 190.25 (4) (a) states:

"Grand jury proceedings are secret, and no grand juror . . . or other person . . . may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or the substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding."

Prior decisions have held that only the judge assigned to supervise the grand jury proceeding has the authority to release grand jury minutes and documents (*Matter of Lungen v Kane*, 217 AD2d 849, 850 [3d Dept 1995], *affd* 88 NY2d 861 [1996]; *People v Astacio*, 173 AD2d 834 [2d Dept 1991], *lv denied* 78 NY2d 109 [1991], 79 NY2d 824 [1991]; *Ivey v State of New York*, 138 AD2d 962 [4th Dept 1988], *after remand* 179 AD2d 1069 [1992], *affd* 80 NY2d 474 [1992]).

However, in this case, the grand jury has been discharged for some time. Thus, many of the reasons for keeping the proceedings secret in an ongoing proceeding no longer exist. Jurors can no longer be tampered with. The integrity of the proceeding cannot be compromised. The problem of witnesses being afraid to come forward is greatly diminished as the perpetrator has been incarcerated. I have examined the grand jury minutes and find that no witnesses other than police officers involved in the arrest and investigation and a pathologist from the Chief Medical Examiner's Office were witnesses at the grand jury hearing. Consequently, there is no problem regarding the secrecy of civil-

ian witnesses being compelled to testify. Given those circumstances, I see no impediment to releasing the grand jury minutes and accompanying exhibits.

Since there is no longer a judge supervising the grand jury proceedings, the incentive on his/her part in keeping the secrecy of the proceedings intact is substantially diminished. On the other hand, I have an incentive to see that all the evidence that exists and is admissible is available to the parties. And since my case is ongoing and I am more familiar with the issues in this case and am in a better position to weigh the instant parties' need for the minutes against the need for secrecy in the grand jury proceedings amid the diminishing recollections of the former grand jury supervising judge and his/her unfamiliarity with the details and issues in this action, I am in the best position to decide these issues (*see Douglas Oil Co. of Cal. v Petrol Stops Northwest,* 441 US 211 [1979]). Given the very slight need for keeping these minutes secret, the grand jury minutes shall be released to both sides by the District Attorney of New York County.

Settle Order

Appropriate language shall be inserted in the order to be settled pursuant to this decision which shall insure that the disclosure of the grand jury proceedings shall be limited to those who are entitled to that information in accordance with this decision and for the need to otherwise maintain the secrecy of those proceedings.