◼ In the Matter of EARNEST PERRYMAN, Appellant, v DE-STEFANO GENNARO et al., Respondents. [47 NYS3d 382]—

In a proceeding to unseal grand jury minutes based on CPL 190.25 (4) (a), the petitioner appeals from an order of the Supreme Court, Nassau County (Peck, J.), entered August 14, 2015, which, in effect, denied the petition.

Ordered that the order is affirmed, with costs.

During the evening of January 1, 2010, two teenagers allegedly were robbed at gunpoint in Lynbrook. An investigation was conducted by the Nassau County Police Department and on March 24, 2010, the petitioner was indicted on several counts of robbery and grand larceny. On September 13, 2010, all of the charges against the petitioner were dismissed. In 2012, the petitioner commenced a civil action in the Supreme Court, Queens County, against, among others, two Nassau County Police Department detectives and the County of Nassau, alleging, inter alia, false arrest and malicious prosecution. In 2015, the petitioner commenced this proceeding in the Supreme Court, Nassau County, to unseal the grand jury minutes relating to his indictment.

Pursuant to CPL 190.25 (4) (a), grand jury proceedings are secret. As such, "[a] 'strong presumption of confidentiality' applies to Grand Jury proceedings" (*Roberson v City of New York*, 163 AD2d 291, 291 [1990], quoting *Ruggiero v Fahey*, 103 AD2d 65, 70 [1984]; *see People v Fetcho*, 91 NY2d 765, 769 [1998]). However, the rule of secrecy is not absolute (*see People v Fetcho*, 91 NY2d at 769; *Matter of James v Donovan*, 130 AD3d 1032, 1036 [2015]) and the presumption can be overcome only by a demonstration of " 'a compelling and particularized need for access' to the Grand Jury material" (*People v Fetcho*, 91 NY2d at 769, quoting *Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444 [1983]). "Only if the compelling and particularized need threshold is met must the court then balance various factors to determine whether the public interest in the secrecy of the grand jury is outweighed by the public interest in disclosure" (*Matter of James v Donovan*, 130 AD3d at 1037; *see*

*People v Robinson*, 98 NY2d 755 [2002]; *People v Fetcho*, 91 NY2d at 769). Here, the petitioner's speculative assertions in support of the petition failed to set forth the compelling and particularized need necessary to overcome the presumption of confidentiality (*see People v Fetcho*, 91 NY2d 765 [1998]; *Matter of District Attorney of Suffolk County*, 58 NY2d 436 [1983]; *Matter of James v Donovan*, 130 AD3d 1032 [2015]; *Yushavayev v City of New York*, 234 AD2d 289 [1996]; *Matter of Hynes [Patrolmen's Benevolent Assn.]*, 179 AD2d 760 [1992]; *Roberson v City of New York*, 163 AD2d 291 [1990]).

The parties' remaining contentions either are without merit or have been rendered academic by our determination that the Supreme Court properly, in effect, denied the petition after finding that the petitioner failed to meet his threshold burden. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.