■ ROXANNE WILLIAMS, Individually and as Administratrix of the Estate of HAYDEN BLACKMAN, Deceased, and as Parent of Infant T.R., Respondent, v CITY OF ROCHESTER et al., Defendants. COUNTY OF MONROE, Appellant. [55 NYS3d 843]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered February 2, 2016. The order granted the motion of plaintiff by directing the County of Monroe to provide certain grand jury transcripts to the court for in camera review.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, and the motion is denied.

Memorandum: This matter arises out of the fatal shooting of Hayden Blackman (decedent) by a City of Rochester (City) police officer. Plaintiff, who was decedent's wife, commenced an action in federal court against defendants, the City, the City of Rochester Police Department, and two police officers, seeking damages based on allegations that defendants, inter alia, violated decedent's constitutional rights and caused his wrongful death. Plaintiff subsequently moved in Supreme Court pursuant to CPLR 3101 (a) (4) for an order requiring that nonparty municipality County of Monroe (County) and its District Attorney's Office disclose the testimony of any City employees who testified before the grand jury that investigated the shooting. The County appeals from an order granting plaintiff's motion and directing the County, upon being served with a judicial subpoena duces tecum issued pursuant to CPLR 2307, to "supply to the Court, to examine in-camera, for review and determination as to disclosure to counsel, the complete transcripts of each and every employee of the City of Rochester who testified at the Grand Jury presentation." We reverse.

We agree with the County that plaintiff failed to "demonstrat[e] 'a compelling and particularized need for access' " to the grand jury materials (*People v Fetcho*, 91 NY2d 765, 769 [1998]; *see Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444 [1983]; *see generally United States v Procter & Gamble Co.*, 356 US 677, 682 [1958]). Such a showing must be made in order to overcome the "presumption of confidentiality [that] attaches to the record of [g]rand [j]ury proceedings" (*Fetcho*, 91 NY2d at 769; *see District Attorney of Suffolk County*,

58 NY2d at 444; *see also* CPL 190.25 [4] [a]), and is a prerequisite to the court's exercise of its discretion in "balanc[ing] the public interest for disclosure against the public interest favoring secrecy" (*Fetcho*, 91 NY2d at 769; *see District Attorney of Suffolk County*, 58 NY2d at 444; *see also People v Di Napoli*, 27 NY2d 229, 234-235 [1970]). Here, plaintiff failed to establish that the discovery proceedings in federal court would not be sufficient to ascertain the facts and circumstances surrounding the shooting (*see District Attorney of Suffolk County*, 58 NY2d at 445-446). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.