Matter of Rios v Gonzalez (2020 NY Slip Op 00146)





Matter of Rios v Gonzalez


2020 NY Slip Op 00146


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-12881
 (Index No. 1928/17)

[*1]In the Matter of Johnny Rios, petitioner,
v
Eric Gonzalez, etc., respondent.


Johnny Rios, Stormville, NY, petitioner pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Kings County District Attorney's Office dated May 9, 2017, denying the petitioner's request for disclosure pursuant to the Freedom of Information Law (Public Officers Law § 84 et seq.), and to compel the production of certain documents pursuant to CPL 190.25(4), the petitioner appeals from a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated August 25, 2017. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
In October 2016, the petitioner requested certain records relating to his 2010 conviction of murder in the second degree from the respondent pursuant to the Freedom of Information Law (hereinafter FOIL). The respondent denied the request on the grounds, inter alia, that it was largely academic inasmuch as it sought records previously provided to the petitioner either in response to a FOIL request he made in January 2013 or via his trial attorney in the criminal trial. The denial of the petitioner's FOIL request was upheld on administrative appeal. Thereafter, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the determination denying his FOIL request. In addition, the petition sought disclosure of the grand jury minutes and records connected to his conviction pursuant to CPL 190.25(4)(a). The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
We agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding. The petition is untimely to the extent that it challenges the denial of the petitioner's FOIL request for records provided to him via his attorney in the criminal trial inasmuch as it is duplicative of the petitioner's January 2013 request for the same information. The petitioner failed to seek judicial review of the denial of his administrative appeal of that determination within the applicable statute of limitations (see CPLR 217[1]; Matter of Stankevich v New York City Police Dept., 173 AD3d 507, 508; Matter of Vann v Callahan, 16 AD3d 849, 850).
As to that branch of the petition which sought disclosure of the grand jury minutes and records pursuant to CPL 190.25(4)(a), the petitioner failed to demonstrate the requisite "compelling and particularized need for them" (People v Robinson, 98 NY2d 755, 756; see Matter [*2]of Perryman v Gennaro, 147 AD3d 852, 853). Therefore, we agree with the denial of that branch of the petition which sought such relief.
The petitioner's remaining contentions are without merit.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court