Crespo v New York City Hous. Auth. (2020 NY Slip Op 06346)





Crespo v New York City Hous. Auth.


2020 NY Slip Op 06346


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Index No. 23308/17 Appeal No. 12294N Case No. 2020-02104 

[*1]Ivan Crespo, Plaintiff,
v
The New York City Housing Authority, Defendant-Appellant. Bronx County District Attorney, Nonparty-Respondent.


Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Daniel J. Young of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered June 28, 2019, which denied defendant New York City Housing Authority's (NYCHA) motion to unseal the grand jury testimony of plaintiff in a prior criminal matter, unanimously affirmed, without costs.
In this action where plaintiff alleges that he was shot by intruders inside of a NYCHA building, NYCHA moved to unseal the record of plaintiff's prior grand jury testimony related to the shooting. The motion court properly denied NYCHA's motion since NYCHA failed to demonstrate "a compelling and particularized need" for this testimony strong enough to overcome the presumption of confidentiality in grand jury proceedings (Matter of District Attorney of Suffolk County, 58 NY2d 436, 444 [1983]; see Melendez v New York, 109 AD2d 13, 18-20 [1st Dept 1985]). NYCHA did not establish that sources other than plaintiff's prior grand jury testimony were inadequate to provide the information necessary to prove that the shooter was not an intruder, or to ascertain the other relevant facts and circumstances surrounding the shooting (see District Attorney of Suffolk County, 58 NY2d at 445-446; Williams v City of Rochester, 151 AD3d 1698, 1699 [4th Dept 2017] lv denied 30 NY3d 904 [2017]; Matter of Lustberg v Curry, 235 AD2d 615, 616 [3d Dept 1997]).
While NYCHA seeks this testimony for impeachment purposes during cross-examination, it requested that plaintiff's entire grand jury testimony be disclosed directly to it, and prior to trial (cf. Matter of Nelson v Mollen, 175 AD2d 518, 520 [3d Dept 1991]; Martinez v CPC Intl., 88 AD2d 656 [2d Dept 1982]). NYCHA's bare claim that the testimony is needed for impeaching the witness on cross-examination is insufficient to establish a compelling need (see Richburg v Morgenthau, 184 AD2d 316 [1st Dept 1992]).
Since NYCHA failed to establish a compelling and particularized need for this testimony, the court was not required to make a discretionary determination whether the public interest in the secrecy of grand jury proceedings outweighed the public interest in disclosure in this case (see Matter of James v Donovan, 130 AD3d 1032, 1037 [2d Dept 2015], lv denied 26 NY3d 1048 [2015]; Melendez at 18-19). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020