Matter of Acevedo v Bender (2021 NY Slip Op 00843)





Matter of Acevedo v Bender


2021 NY Slip Op 00843


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-04010
 (Index No. 176/18)

[*1]In the Matter of Francisco Acevedo, appellant,
v
Steven A. Bender, etc., et al., respondents.


Francisco Acevedo, Ossining, NY, appellant pro se.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and David H. Chen of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated March 4, 2019. The order and judgment, insofar as appealed from, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.
The petitioner was convicted, after a jury trial, of three counts of murder in the second degree (see People v Acevedo, 160 AD3d 975). While the appeal from his judgment of conviction was pending, the petitioner made a request pursuant to the Freedom of Information Law (Public Officers Law art 6) to the Westchester County District Attorney, seeking certain records related to his convictions, including grand jury minutes. His request was denied, and the denial was upheld on administrative appeal.
Thereafter, the petitioner commenced this CPLR article 78 proceeding to compel the production of the records. In an order and judgment dated March 4, 2019, the Supreme Court, inter alia, denied the petition and dismissed the proceeding. The petitioner appeals. We affirm.
The petitioner failed to demonstrate the requisite "'compelling and particularized need'" for certain grand jury minutes (Matter of Rios v Gonzalez, 179 AD3d 706, 707, quoting People v Robinson, 98 NY2d 755, 756; see Public Officers Law § 87[2][a]; CPL 190.25[4]).
The petitioner's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court