People v Badia (2021 NY Slip Op 03420)





People v Badia


2021 NY Slip Op 03420


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Gische, J.P., Webber, Singh, Kennedy, JJ. 


Ind No. 7034/04 7034/04 Index No. 304153/15 Case No. 2020-02176 Docket No. 304153/15 Appeal No. 13953 Case No. 2020-02176 

[*1]The People of the State of New York,
v
Eddie Badia, Defendant-Appellant. _ Eddie Badia, Plaintiff,


Beldock Levine & Hoffman LLP, New York (David B. Rankin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for municipal respondents.



Order, Supreme Court, New York County (Melissa C. Jackson, J.), entered on or about January 23, 2020, which, insofar as appealed from as limited by the briefs, denied appellant's motion to unseal the minutes of the grand jury proceeding in the criminal matter, unanimously affirmed, without costs.
The court properly found that appellant failed to rebut the presumption of confidentiality of grand jury proceedings by showing "a compelling and particularized need" for grand jury testimony by police witnesses in his underlying criminal case (People v Fetcho, 91 NY2d 765, 769 [1998] [internal quotation marks and citation omitted]). Appellant failed to establish that "sources other than [the] grand jury testimony were inadequate to provide the information necessary" to support his malicious prosecution claim in a pending civil action (Crespo v New York City Hous. Auth., 188 AD3d 409, 409 [1st Dept 2020]; see Matter of District Attorney of Suffolk County, 58 NY2d 436, 446 [1983]; Richburg v Morgenthau, 184 AD2d 316 [1st Dept 1992]). Accordingly, the court was not required to "balance various factors to assess, in its discretion, whether disclosure is appropriate under the circumstances presented" (People v Robinson, 98 NY2d 755, 756 [2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021