People v DeFreitas (2022 NY Slip Op 00431)





People v DeFreitas


2022 NY Slip Op 00431


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2020-07842
 (Ind. No. 77897/91)

[*1]The People of the State of New York, respondent,
v
Miguel DeFreitas, appellant.


Miguel DeFreitas, Wallkill, NY, appellant pro se.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Andrea M. DiGregorio of counsel; Valerie Timmerman on the brief), for respondent.



DECISION & ORDER
In a proceeding to unseal grand jury minutes based on CPL 190.25(4)(a), Miguel DeFreitas appeals from an order of the Supreme Court, Nassau County (Patricia A. Harrington, J.), entered October 2, 2020. The order, in effect, denied the petition.
ORDERED that the order is affirmed, without costs or disbursements.
Miguel DeFreitas was convicted in 1992 of attempted murder in the first degree, robbery in the first degree (two counts), criminal possession of a weapon in the third degree, and reckless endangerment in the first degree. The judgment of conviction was affirmed by this Court on appeal (see People v DeFreitas, 213 AD2d 96). In 2020, DeFreitas filed a petition to unseal a portion of the grand jury minutes based on CPL 190.25(4)(a), specifically, the legal instructions and charges given to the grand jury by the prosecutor. The Supreme Court, in effect, denied the petition. DeFreitas appeals.
"Pursuant to CPL 190.25(4)(a), grand jury proceedings are secret. As such, '[a] strong presumption of confidentiality applies to Grand Jury proceedings'" (Matter of Perryman v Gennaro, 147 AD3d 852, 852, quoting Roberson v City of New York, 163 AD2d 291, 291 [internal quotation marks omitted]; see People v Fetcho, 91 NY2d 765, 769). However, the rule of secrecy is not absolute (see People v Fetcho, 91 NY2d at 769; Matter of James v Donovan, 130 AD3d 1032, 1036), and the presumption can be overcome only by a demonstration of "a compelling and particularized need for access to the Grand Jury material" (Matter of Perryman v Gennaro, 147 AD3d at 852 [internal quotation marks omitted]). "'Only if the compelling and particularized need threshold is met must the court then balance various factors to determine whether the public interest in the secrecy of the grand jury is outweighed by the public interest in disclosure'" (Matter of Perryman v Gennaro, 147 AD3d at 852, quoting Matter of James v Donovan, 130 AD3d at 1037; see People v Robinson, 98 NY2d 755; People v Fetcho, 91 NY2d at 769). Here, DeFreitas failed to demonstrate a compelling and particularized need for access to the grand jury minutes. Accordingly, the Supreme Court properly, in effect, denied the petition.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court