Sculti v Finley (2022 NY Slip Op 06950)

Sculti v Finley

2022 NY Slip Op 06950

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-01114 
2020-08527
 (Index No. 58694/16, Docket No. 264/20)

[*1]Christopher J. Sculti, et al., appellants,
v
Ben Finley, et al., defendants, Westchester County, et al., respondents. (Matter No. 1.)
In the Matter of Christopher J. Sculti, et al., appellants,
v
Westchester County District Attorney's Office, respondent. (Matter No. 2.)

Frank P. Allegretti, Harrison, NY, for appellants.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983 (Matter No. 1), and a related proceeding to unseal grand jury materials (Matter No. 2), Christopher J. Sculti, Mary Lou Sculti, and Christopher J. Sculti, Jr., the plaintiffs in Matter No. 1 and the petitioners in Matter No. 2, appeal from (1) an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated December 31, 2019, and (2) an order of the same court (Barry E. Warhit, J.) dated March 18, 2020. The order dated December 31, 2019, denied the plaintiffs' motion in Matter No. 1 to unseal grand jury materials. The order dated March 18, 2020, insofar as appealed from, granted the petition in Matter No. 2 only to the extent of directing that the petitioners be provided with "copies of documents and materials received in response to grand jury subpoenas and any affirmation or affidavit presented to a magistrate or judge in support of any application to obtain a search warrant for the Sculti residence."
ORDERED that the order dated December 31, 2019, is affirmed; and it is further,
ORDERED that the order dated March 18, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
Christopher J. Sculti, Mary Lou Sculti, and Christopher J. Sculti, Jr. (hereinafter collectively the plaintiffs), were the subject of a criminal investigation pertaining to allegations of a "911 swatting incident." In August 2016, the plaintiffs commenced an action against, among others, Westchester County and Laura Forbes, an assistant district attorney (hereinafter together the [*2]defendants), inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983. The plaintiffs alleged, among other things, that the defendants wrongfully retained property seized from them despite no criminal charges having been brought against them. In the action, the plaintiffs moved to unseal materials under grand jury seal. In an order dated December 31, 2019, the Supreme Court denied the plaintiffs' motion.
The plaintiffs then commenced a related proceeding to unseal the grand jury materials. In an order dated March 18, 2020, the Supreme Court granted the petition only to the extent of directing that the plaintiffs be provided with "copies of documents and materials received in response to grand jury subpoenas and any affirmation or affidavit presented to a magistrate or judge in support of any application to obtain a search warrant for the [plaintiffs'] residence." The plaintiffs appeal from the order dated December 31, 2019, and the order dated March 18, 2020.
"Pursuant to CPL 190.25(4)(a), grand jury proceedings are secret. As such, '[a] strong presumption of confidentiality applies to Grand Jury proceedings'" (Matter of Perryman v Gennaro, 147 AD3d 852, 852, quoting Roberson v City of New York, 163 AD2d 291, 291 [internal quotation marks omitted]; see People v Fetcho, 91 NY2d 765, 769). However, the rule of secrecy is not absolute (see People v Fetcho, 91 NY2d at 769; Matter of James v Donovan, 130 AD3d 1032, 1036). The presumption can be overcome by a demonstration of "a compelling and particularized need for access to the Grand Jury material" (Matter of Perryman v Gennaro, 147 AD3d at 852 [internal quotation marks omitted]). "'Only if the compelling and particularized need threshold is met must the court then balance various factors to determine whether the public interest in the secrecy of the grand jury is outweighed by the public interest in disclosure'" (id. at 852, quoting Matter of James v Donovan, 130 AD3d at 1037; see People v Robinson, 98 NY2d 755; People v Fetcho, 91 NY2d at 769). Here, the plaintiffs failed to demonstrate the requisite "compelling and particularized need" for the grand jury materials at issue (see Matter of Acevedo v Bender, 191 AD3d 778, 778-779; Matter of Rios v Gonzalez, 179 AD3d 706, 707).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiffs' motion in the action to unseal grand jury materials, and properly denied the petition to the extent it sought to unseal the grand jury materials in their entirety.
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court