People v Graves (2022 NY Slip Op 07198)

People v Graves

2022 NY Slip Op 07198

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Ind No. 2819/16 Appeal No. 16271 Case No. 2018-1238 

[*1]The People of the State of New York, Respondent,
v
Chrishawn Graves, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ronald Zapata of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Molly K. Morgan of counsel), for respondent.

Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered May 4, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree, and sentencing him to a term of three years' probation, unanimously affirmed.
The court properly denied defendant's suppression motion. An officer testified that he arrested defendant after learning that he had several outstanding warrants. Nothing in defense counsel's initial or subsequent moving papers or arguments at the hearing sufficed to alert the People or the hearing court that defendant was challenging the validity of the warrants. At most, counsel alluded to issues applicable to warrantless arrests. Accordingly, defendant's present argument that the People failed to meet their initial burden to establish probable cause is unpreserved (see People v Miranda, 27 NY3d 931 [2016]; People v Sankara, 156 AD3d 495, 496 [1st Dept 2018], lv denied 31 NY3d 1096 [2018]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court properly found that the officer had probable cause to arrest defendant based on warrants that went unchallenged at the hearing (see People v Boone, 269 AD2d 459, 459 [2d Dept 2000], lv denied 95 NY2d 850 [2000]).
By pleading guilty, defendant forfeited review of his procedural arguments concerning the grand jury presentation (see People v Carlton, 120 AD3d 1443, 1444 [3d Dept 2014], lv denied 25 NY3d 1070 [2015]; People v Batista, 299 AD2d 270 [1st Dept 2002], lv denied 99 NY2d 626 [2003]). Defendant's claims do not implicate the jurisdictional validity of the indictment or otherwise survive a guilty plea (see People v Hansen, 95 NY2d 227, 230-231 [2000]). In any event, we find these claims unavailing (see e.g. People v Martinez, 141 AD3d 429 [1st Dept 2016], lv denied 28 NY3d 972 [2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022