■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS V. STEWART, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the suppression court improperly determined that the police had probable cause to arrest him. We disagree. Minutes after the robbery of a convenience store, defendant was seen within a block of the store by a police officer, who thought that defendant matched a description that he had heard over the police radio. After speaking to defendant, the officer had defendant taken to the store, where defendant was identified by three witnesses to the robbery. Thereupon, defendant was arrested. The police officer had reasonable suspicion to speak to defendant. The limited scope of the prearrest detention, including transportation to the nearby crime scene for identification, was lawful, and after the identification there was clearly probable cause for arrest *(People v Hicks,* 68 NY2d 234; *People v Liner,* 133 AD2d 555, *appeal dismissed* 70 NY2d 945). We have examined defendant's other contentions, and we find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, first degree; criminal use of firearm, first degree.) Present—Doerr, J. P., Boomer, Pine and Davis, JJ.