■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ROBERTS, Appellant. [674 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered September 14, 1994, convicting him of robbery in the first degree (two counts), burglary in the first degree, and unlawful imprisonment in the second degree (two counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment on each conviction of robbery in the first degree, an indeterminate term of 10 years to life imprisonment on the conviction of burglary in the first degree, to run consecutively to the sentences imposed on the convictions of robbery in the first degree, and definite terms of imprisonment of one year for each count of unlawful imprisonment in the second degree, to run concurrently with each other and with the other sentences imposed.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed on the conviction of burglary in the first degree shall run concurrently with the

terms of imprisonment imposed on the convictions of robbery in the first degree; as so modified, the judgment is affirmed.

The defendant contends that he did not receive effective assistance of counsel because his defense counsel previously represented a prosecution witness on an unrelated criminal charge. This contention is without merit. The record reveals that, as soon as defense counsel learned of the potential conflict, he advised the court and the defendant. The court promptly conducted an inquiry on the record and ascertained that the defendant understood the potential risks of continued representation by the attorney and chose to continue such representation (*see, People v Lombardo*, 61 NY2d 97; *People v Gomberg*, 38 NY2d 307). The defendant failed to demonstrate that the prior representation bore a substantial relationship to or operated on the conduct of his defense (*see, People v Ortiz*, 76 NY2d 652; *People v Alicea*, 61 NY2d 23; *People v Finley*, 190 AD2d 859).

The trial court erred in directing that the sentence imposed on the conviction of burglary in the first degree was to run consecutively to the sentences imposed on the convictions of robbery in the first degree. Upon review of the charges presented to the jury and the evidence adduced at trial, the defendant's acts underlying these crimes cannot be considered separate and distinct for sentencing purposes. Therefore, the sentences should be concurrent (*see*, Penal Law § 70.25 [2]; *People v Ramirez*, 89 NY2d 444, 453; *People v McCloud*, 182 AD2d 835).

We reject the defendant's further contention that the sentences imposed on the robbery convictions were excessive given, among other things, his extensive criminal history (*see, People v Suitte*, 90 AD2d 80). Bracken, J. P., O'Brien, Copertino and Altman, JJ., concur.