■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY L. BRYANT, Appellant. [748 NYS2d 628] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered June 25, 2001, convicting defendant after a jury trial of assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal

Law § 120.05 [3]), defendant contends that County Court erred in failing to dismiss the indictment based on the People's failure to provide him with *Brady* material. Defendant failed to seek sanctions based on the People's failure to provide him with the videotape that allegedly constitutes *Brady* material and therefore failed to preserve his contention for our review (*see People v Graves,* 85 NY2d 1024, 1027; *People v Brockway,* 277 AD2d 482, 485-486). In any event, the record fails to establish that the videotape exists, and defendant's "speculation concerning the existence of [the videotape] is insufficient to establish a * * * *Brady* violation" (*People v Parkinson,* 268 AD2d 792, 793, *lv denied* 95 NY2d 801; *see also People v Malave,* 271 AD2d 204, *lv denied* 95 NY2d 836).

Defendant further contends that the court erred in denying his request for access to the personnel records of the victim, a correction officer. Upon defendant's request, the court informed defendant that it would review the personnel records in camera to determine whether there had been any prior disciplinary action taken against the correction officer to entitle defendant to such access, and defendant did not object to that procedure. When the court thereafter denied defendant's request on the ground that the personnel records contained no such prior disciplinary action, defense counsel stated: "That's all I asked for, Judge. That's fine." Thus, we conclude that defendant failed to preserve his present contention that he was entitled to access to the correction officer's personnel records even if they did not contain any prior disciplinary action.

Defendant further contends that the indictment should have been dismissed based on the admission of exhibit 3 before the grand jury. We reject that contention. Although exhibit 3 contained evidence of defendant's arrest record for prior crimes, it was admitted for the limited purpose of establishing that defendant was incarcerated at the time of the instant incident, a necessary element of one of the underlying charges, and the grand jury was cautioned on more than one occasion to consider exhibit 3 only for that limited purpose. Thus, contrary to defendant's contention, the admission of exhibit 3 was not so prejudicial as to require dismissal of the indictment. The sentence, which includes a period of postrelease supervision, is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.