■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMERE GOREE, Appellant. [764 NYS2d 760] —Appeal from a judgment of Erie County Court (D'Amico, J.), entered April 25, 2001, convicting defendant after a jury trial of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). While the identification evidence is circumstantial, we conclude that the jury could properly have inferred that defendant was one of the perpetrators (*see People v Bateman*, 241 AD2d 770, 771-772 [1997], *lv denied* 91 NY2d 869 [1997]). The evidence at trial established that defendant's clothing matched that of one of the perpetrators, that defendant was found in spatial and temporal proximity to the scene of the crime, and that defendant made spontaneous inculpatory statements to police (*see People v Dukes*, 160 AD2d 332 [1990], *lv denied* 76 NY2d 847 [1990]; *People v Stewart*, 149 AD2d 921 [1989], *amended on rearg* 151 AD2d 1047 [1989], *lv denied* 74 NY2d 747 [1989]). Moreover, although the victims could not identify defendant at trial, defendant acknowledged on cross-examination that, when he was apprehended by police, he was transported to the scene of the crime and identified before the police placed him under arrest. In light of that evidence, we conclude that the jury did not fail to give the evidence the weight it should be accorded on the issue of identification (*see Bleakley*, 69 NY2d at 495; *People v Gray*, 278 AD2d 833 [2000], *lv denied* 97 NY2d 656 [2001]). The testimony of defendant that he did not commit the crime, that he would not have committed a crime with the codefendant because of their past troubled history, and that the police misunderstood or misinterpreted his statements merely presented issues of credibility for the jury to resolve (*see People v Gruttola*, 43 NY2d 116, 122 [1977]; *Dukes*, 160 AD2d at 332). Finally, the additional fact that the fruits of the robbery were not found on defendant when he was apprehended by the police does not render the verdict against the weight of the evidence (*see generally Matter of Damian G.*, 256 AD2d 174 [1998]). Present—Pine, J.P., Hurlbutt, Scudder and Hayes, JJ.