■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AROUET THOMASON, Appellant. [831 NYS2d 131]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 20, 2002, convicting defendant, after a jury trial, of robbery in the first degree (six counts), robbery in the second degree (three counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (three counts), and sentencing him to an aggregate term of 18 years, unanimously affirmed.

Defendant was not entitled to a hearing on his motion to suppress. It was clear from the felony complaint and voluntary disclosure form that the police arrested defendant on the basis of a past robbery, and that they searched his vehicle, which was the alleged getaway car, on the basis of the automobile excep-

tion (*see People v Blasich*, 73 NY2d 673 [1989]). Nevertheless, defendant's motion papers ignored these allegations, merely stating that "[a]*t the time that he was seized by the police . . .* [he] was not engaged in any apparent criminal conduct" (emphasis added). This does not suffice (*see e.g. People v Lopez*, 5 NY3d 753 [2005]; *People v Mendoza*, 82 NY2d 415, 428, 431 [1993]). Moreover, even defendant's own motion papers indicated that he had been arrested upon accusations by civilian witnesses (*see People v McDowell*, 30 AD3d 160 [2006], *lv denied* 7 NY3d 850 [2006]). Accordingly, defendant did not raise any factual issue warranting a hearing.

Defendant failed to preserve his current objection to bolstering identification testimony and we decline to reach this issue in the interest of justice. Were we to consider this claim, we would find that the error, if any, was harmless (*see e.g. People v Johnson*, 57 NY2d 969 [1982]).

Similarly, even if the trial court should have admitted a photograph offered by defendant, the error was harmless because the content of the photograph was placed before the jury. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record involving counsel's strategic decisions, with particular reference to the decision to exploit certain evidence rather than seeking to exclude it (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur— Tom, J.P., Saxe, Sweeny, Malone and Kavanagh, JJ.