■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN R. MORRICE, Appellant. [910 NYS2d 786]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered July 14, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). We previously reversed the judgment convicting defendant of burglary in the second degree and grand larceny in the third degree (§ 155.35) and granted defendant a new trial (*People v Morrice*, 61 AD3d 1390 [2009]), and the judgment now on appeal is the result of the retrial. Defendant again contends that he was deprived of a fair trial based on prosecutorial misconduct on summation. Defendant preserved that contention for our review only with respect to two of the prosecutor's comments on summation and, in any event, "we conclude that . . . '[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Diaz*, 52 AD3d 1230, 1231 [2008], *lv denied* 11 NY3d 831 [2008]). Defendant further contends that County Court erred in denying his pretrial motion for the issuance of a subpoena for the NYSIIS reports of all potential prosecution witnesses. We reject that contention inasmuch as defendant already had copies of the witnesses' conviction records that the prosecutor had turned over pursuant to CPL 240.45 (1) (b). When a prosecution witness allegedly gave false testimony concerning a prior conviction, defendant never sought to obtain a certified copy of that witness's NYSIIS record or introduce it in evidence pursuant to CPL 60.40 (1) to prove such a conviction. Indeed, defendant never objected to that witness's testimony or otherwise raised the issue before the court until after the retrial.

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish that he knowingly entered or remained unlawfully in the residence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit inasmuch as the evidence established that defendant was not licensed or privileged to enter the residence (*see* Penal Law § 140.00 [5]; § 140.25 [2]; *see generally People v Graves*, 76 NY2d 16, 20 [1990]). Finally, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Scudder, P.J., Martoche, Centra, Fahey and Green, JJ.