THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASIRI WALLOE, Appellant. [931 NYS2d 48]—

The People did not violate their disclosure obligations under *Brady v Maryland* (373 US 83 [1963]), and defendant is not entitled to reversal on the ground that the prosecution failed to acquire an allegedly exculpatory surveillance tape possessed by a private party. The tape was in the exclusive possession of a bar, and it was never in the People's possession or control. Therefore, whether exculpatory or not, it did not constitute *Brady* material (*see People v Brock*, 246 AD2d 406 [1998], *lv denied* 91 NY2d 940 [1998]). Although a police officer viewed the tape and requested a copy, he did not thereby constructively possess the tape, which was erased by the bar. Temporary access is not necessarily the equivalent of possession for *Brady* purposes (*see People v Hayes*, 17 NY3d 46, 50-52 [2011] [no *Brady* violation where police failed to interview witnesses after overhearing them make potentially exculpatory statements]). Furthermore, the officer testified as to his recollection of the contents of the tape, and there is no reason to believe it contained anything exculpatory. At most, it depicted defendant and the victim at a time and place not likely to have a bearing on the victim's intoxication at the time of the crime. We have considered and rejected defendant's remaining *Brady*-related arguments.

The court properly denied defendant's request for a missing witness instruction. The People established that the witness was unavailable despite reasonably diligent efforts to locate him (*see e.g. People v Skaar*, 225 AD2d 824, 824-825 [1996], *lv denied* 88 NY2d 854 [1996]). Furthermore, the witness was not under the People's control for purposes of a missing witness instruction.

We do not find the sentence to be excessive.

Defendant's remaining claim is unpreserved and we decline to review it in the interest of justice. Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.