THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY NELSON, Appellant. [935 NYS2d 133]—

The court did not improvidently exercise its discretion in denying the defendant's request for an adverse inference charge as a sanction for the People's failure to provide to the defense an allegedly missing photograph of a bag of marijuana taken by a detective. The defendant failed to develop a record establishing a factual basis that the alleged photograph existed (*see People v Banks*, 74 AD3d 1214, 1215 [2010]; *People v Young*, 61 AD3d 786 [2009]; *People v Smith*, 33 AD3d 462 [2006]; *People v Brown*, 286 AD2d 340 [2001]).

The prosecutor improperly went outside of the four corners of the evidence when, in summation, he made the inflammatory and unsupported remarks that the defendant and his codefendant had brought their children onto their "team" with respect to a "business plan" involving their possession of marijuana (*see People v Ashwal*, 39 NY2d 105, 110 [1976]; *People v Parker*, 178 AD2d 665, 665-666 [1991]). The prosecution "may not . . . try to convey to the jury, by insinuation, suggestion or speculation, the impression that the defendant is guilty of other crimes

not in issue at the trial" (*People v Ashwal*, 39 NY2d at 110). The defendant's contentions regarding other improper questioning and summation comments by the prosecutor are not preserved for appellate review (*see* CPL 470.05 [2]; *see also People v Teeter*, 47 NY2d 1002 [1979]). In any event, a new trial is not warranted because we find that the cumulative effect of all of the alleged errors was harmless, as the evidence of the defendant's guilt, without reference to the alleged errors, was overwhelming, and there is no significant probability that the alleged errors might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]). Skelos, J.P., Belen, Lott and Cohen, JJ., concur.