■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Appellant. [967 NYS2d 64]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered November 17, 2010, as amended December 10, 2010, convicting defendant, after a jury trial, of rape in the first degree and sexual abuse in the first degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see Snyder v Louisiana*, 552 US 472, 477 [2008]; *People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), and we do not find any disparate treatment by the prosecutor of similarly situated panelists.

The court properly denied defendant's motion to set aside the verdict based on juror misconduct. In a postverdict discussion with a sworn juror, defense counsel learned that the juror knew someone who had been the victim of a rape that had shared some material similarities with this case. Since the only voir dire question on this subject asked whether any prospective juror had a close friend who had been a crime victim, defendant did not establish that the juror failed to answer a voir dire question honestly; in any event, defendant did not establish that any such concealment was deliberate. Defendant's arguments based on the juror's body language during the postverdict interview are highly speculative. Furthermore, defendant did not establish that the allegedly concealed information would have been a proper basis to excuse the juror for cause. The juror's knowledge of a date-rape victim's failure to report the crime would not have established an implied bias, or otherwise supported a challenge for cause, particularly in light of the juror's assurances during voir dire that she could be fair. Thus, the juror's apparently inadvertent omission did not affect a substantial right, and does not provide grounds for reversal (*see* CPL 330.30 [2]; *People v Rodriguez*, 100 NY2d 30, 35 [2003]; *see also McDonough Power Equipment, Inc. v Greenwood*, 464 US 548, 556 [1984]). Finally, defendant was "not entitled to a hearing based

on expressions of hope that a hearing might reveal the essential facts" (*People v Johnson*, 54 AD3d 636, 636 [2008], *lv denied* 11 NY3d 898 [2008]).

The People did not violate their disclosure obligations under *Brady v Maryland* (373 US 83 [1963]), and the court properly rejected defendant's request for an adverse inference charge with respect to a surveillance videotape made, and then erased, by the store where the incident occurred. The record establishes that this tape was never in the possession of the police or prosecution. Regardless of whether the police were in a position to ascertain the existence of this tape or acquire it, they had no duty to do so (*see People v Hayes*, 17 NY3d 46, 50-52 [2011]; *People v Walloe*, 88 AD3d 544 [1st Dept 2011], *lv denied* 18 NY3d 963 [2012]). Concur—Acosta, J.P., Saxe, Renwick, Richter and Clark, JJ.