# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1197

KA 11-01983

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JOHN GILBERT, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered March 16, 2011. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree, aggravated criminal contempt and endangering the welfare of a child (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, assault in the first degree (Penal Law § 120.10 [1]) and aggravated criminal contempt (§ 215.52 [1]), defendant contends that he involuntarily entered his plea and that his negotiated sentence is unduly harsh and severe. Because defendant did not move to withdraw his plea or to vacate the judgment of conviction, his challenge to the voluntariness of his plea is unpreserved for our review (*see People v Weakfall*, 108 AD3d 1115, 1116; *People v Spears*, 106 AD3d 1534, 1535), and the narrow exception to the preservation rule does not apply here (*see People v Lopez*, 71 NY2d 662, 666; *People v Wissert*, 85 AD3d 1633, 1634, *lv denied* 17 NY3d 956). In any event, defendant's contention lacks merit. Although defendant stated during the plea colloquy that he was "under a lot of pressure," that statement alone did not render his plea involuntary.

Finally, given that defendant did not dispute that he slashed his wife's throat in front of their children and came dangerously close to killing her, we conclude that defendant's negotiated sentence is neither unduly harsh nor severe.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court