# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**122**

**KA 12-01731**

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

TRAMELL BURTON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

TRAMELL BURTON, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 12, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), robbery in the second degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]). The charges arose from defendant striking the victim on the head with a handgun, and defendant and codefendant taking several of the victim's possessions.

We reject defendant's contention that, because there is only circumstantial evidence supporting the fact that he was a perpetrator, the evidence is legally insufficient to support the conviction. Viewing the circumstantial evidence in the light most favorable to the People (*see People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678), we conclude that there is a valid line of reasoning and permissible inferences that could lead a reasonable jury to conclude that defendant struck the victim on the head with a handgun, and took the victim's possessions (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that "the jury could properly have inferred that defendant was one of the perpetrators" (*People v Goree*, 309 AD2d 1204, 1204; *see generally People v Dukes*, 160 AD2d 332, 332, *lv denied* 76 NY2d 847; *People v*

*Ngor Yip*, 118 AD2d 472, 474).  Defendant was found in both spatial and temporal proximity to the crime scene, and in possession of the items stolen from the victim (*see Goree*, 309 AD2d at 1204).  We therefore conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contentions that the People deprived him of his right to present a defense by failing to secure a purported surveillance video from the bar outside of which the robbery occurred, and that County Court erred in denying his request for an adverse inference instruction with respect to that failure.  We note that defendant failed to preserve for our review his contention that he was denied the right to present a defense because "[he] did not raise th[at] constitutional claim[] in the trial court" (*People v Lane*, 7 NY3d 888, 889; *see People v Norcutt*, 115 AD3d 1306, 1309, *lv denied* 23 NY3d 966), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We conclude that the court properly denied defendant's request for an adverse inference instruction with respect to the purported surveillance video.  Although the People would have a duty to protect such a video from being destroyed if it were in their possession (*see generally People v Handy*, 20 NY3d 663, 668-669), the record fails to establish that either the police or the People had possession of any such video (*see generally People v Nelson*, 90 AD3d 954, 954, *lv denied* 18 NY3d 996).  Moreover, the People have no duty to seek evidence for defendant's benefit or to protect evidence prior to their possession of it (*see People v Hayes*, 17 NY3d 46, 51, *cert denied* ___ US ___, 132 S Ct 844; *People v James*, 93 NY2d 620, 644; *People v Hernandez*, 107 AD3d 504, 505, *lv denied* 22 NY3d 1199).

We reject defendant's further contention in his pro se supplemental brief that the court erred in denying his request for a missing witness charge with respect to the People's failure to call the codefendant in this case.  Defendant made a prima facie showing that he was entitled to a missing witness charge (*see generally People v Hall*, 18 NY3d 122, 131; *People v Savinon*, 100 NY2d 192, 196-197; *People v Gonzalez*, 68 NY2d 424, 427).  The burden then shifted to the People to show that the charge was inappropriate, and we conclude that they met that burden (*see generally People v Keen*, 94 NY2d 533, 539).  Although the codefendant was available to the People inasmuch as he pleaded guilty in connection with this case and entered into a cooperation agreement with the People to assist in other unrelated criminal matters, the People established that he was not in their control for purposes of defendant's prosecution (*see generally Gonzalez*, 68 NY2d at 428-429; *People v Onyia*, 70 AD3d 1202, 1205; *People v Hilts*, 191 AD2d 779, 780-781, *lv denied* 81 NY2d 1074).  Moreover, there is no guarantee that the codefendant would have provided testimony favorable to the People and, indeed, we conclude that the codefendant's testimony would have been "presumptively suspect . . . or subject to impeachment detrimental to the People's case" (*People v Parton*, 26 AD3d 868, 869, *lv denied* 7 NY3d 760 [internal quotation marks omitted]; *see People v McLaurin*, 27 AD3d

1117, 1118, *lv denied* 7 NY3d 759).

     Finally, defendant's sentence is not unduly harsh or severe.

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court