# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

872

KA 14-00324

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TIMOTHY A. SHAY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered December 9, 2013. The judgment convicted defendant, upon his plea of guilty, of possessing an obscene sexual performance by a child and sexual abuse in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the definite sentences shall run concurrently with the indeterminate sentence and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of possessing an obscene sexual performance by a child (Penal Law § 263.11) and two counts of sexual abuse in the second degree (§ 130.60 [2]). We note at the outset that, as the People correctly concede, defendant did not waive his right to appeal. "[A]lthough a waiver of the right to appeal was initially mentioned during a discussion of the elements of the plea agreement, County Court failed to elicit the waiver from defendant during the plea colloquy" (*People v Crane*, 294 AD2d 867, 867, *lv denied* 98 NY2d 767).

We reject defendant's contention that the sentence is unduly harsh or severe. We agree with defendant, however, and the People again correctly concede, that the court erred in directing that the definite sentences imposed on the misdemeanor counts shall run consecutively to the indeterminate sentence imposed on the felony count (*see* Penal Law § 70.35). We therefore modify the judgment by directing that the definite sentences shall run concurrently with the indeterminate sentence (*see People v Leabo*, 84 NY2d 952, 953; *People v*

*Shorter*, 6 AD3d 1204, 1205-1206, *lv denied* 3 NY3d 648).