# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**298**

**KA 13-02151**

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

CODY LITTLE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 11, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, reckless endangerment in the second degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the definite sentence imposed on count two of the indictment shall run concurrently with the determinate sentence imposed on count one of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), reckless endangerment in the second degree (§ 120.20), and resisting arrest (§ 205.30), defendant contends with respect to his burglary conviction that the evidence is legally insufficient to establish that he knowingly entered the victim's dwelling unlawfully. We reject that contention. Defendant had been evicted from the victim's residence months before the date of the alleged burglary, and the victim testified that defendant did not have permission to enter his residence on that day. Although the victim testified that defendant was welcome to come to the residence even after being evicted, it does not follow from that testimony that defendant had permission to enter the dwelling without the owner's knowledge or invitation. Moreover, defendant's actions in prying open a kitchen window to enter the residence and subsequently crawling through the residence to avoid motion sensors connected to the alarm system establish that he was not licensed or privileged to enter the residence when the victim was not there (*see People v Morrice*, 78 AD3d 1534, 1535, *lv denied* 16 NY3d 834; *see generally People v Graves*, 76 NY2d 16, 20). Viewing the evidence in light of the elements of the crime of burglary as charged

to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also conclude that the verdict with respect to that crime is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Resolution of credibility issues is for the jury, and the jury was entitled to disregard the minor inconsistencies in the victim's testimony (*see People v Hargett*, 11 AD3d 812, 814, *lv denied* 4 NY3d 744).

We reject defendant's further contention that the video of defendant captured by the victim's surveillance camera was improperly admitted in evidence at trial. The testimony of the victim and the police detective who viewed the video and was present while a copy was made by a technician hired by the victim established a proper foundation for admission of the video (*see People v Costello*, 128 AD3d 848, 848, *lv denied* 26 NY3d 927, *reconsideration denied* 26 NY3d 1007). Supreme Court also properly denied defendant's untimely request for a missing witness charge with respect to the technician because the technician's testimony would have been merely cumulative (*see People v Muscarella*, 132 AD3d 1288, 1289-1290, *lv denied* 26 NY3d 1147).

Defendant further contends that he was denied effective assistance of counsel because the victim was paying defendant's legal fees, and defense counsel thus had a conflict of interest. After being alerted by the court to that potential conflict of interest and being given an opportunity to engage separate counsel, however, defendant consented to continued representation by counsel, thereby waiving any claim of possible prejudice resulting from the potential conflict (*see generally People v Gomberg*, 38 NY2d 307, 315-316). In any event, in order to prevail on a claim of ineffective assistance, defendant was required to show "that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892 [internal quotation marks omitted]), and he failed to make that showing here. We reject defendant's further claims of ineffective assistance, and we conclude that the record as a whole establishes that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We reject defendant's contention that his sentence is unduly harsh and severe. However, inasmuch as we cannot allow an illegal sentence to stand (*see e.g. People v Abuhamra*, 107 AD3d 1630, 1631, *lv denied* 22 NY3d 1038), we modify the judgment by directing that the definite sentence imposed on the reckless endangerment misdemeanor count shall run concurrently with the determinate sentence imposed on the felony burglary count (*see* Penal Law § 70.35; *People v Leabo*, 84 NY2d 952, 953; *People v Shay*, 130 AD3d 1499, 1500).

We have reviewed defendant's remaining contentions and conclude that none warrants reversal or further modification of the judgment.

Entered:  May 6, 2016                          Frances E. Cafarell
                                               Clerk of the Court