# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**934**

**KA 16-00078**

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

STEVEN P. BROCKWAY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

BETZJITOMIR LAW OFFICE, BATH (SUSAN BETZJITOMIR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W.
Latham, J.), rendered July 31, 2013.  The judgment convicted
defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  In appeal No. 1, defendant appeals from a judgment
convicting him, upon an *Alford* plea, of burglary in the second degree
(Penal Law § 140.25 [2]).  In appeal No. 2, he appeals from a judgment
convicting him, upon a plea of guilty, of tampering with a witness in
the third degree (§ 215.11 [2]).

We reject defendant's contention in appeal No. 1 that his claim
of actual innocence may be reviewed on direct appeal following his
*Alford* plea.  A claim of actual innocence "must be based upon reliable
evidence which was not presented at the [time of the plea]" (*People v
Hamilton*, 115 AD3d 12, 23), and thus must be raised by a motion
pursuant to CPL article 440 (*see generally id.* at 26-27).  Moreover, a
plea of guilty " 'should not be permitted to be used as a device for a
defendant to avoid a trial while maintaining a claim of factual
innocence' " (*People v Conway*, 118 AD3d 1290, 1290, quoting *People v
Plunkett*, 19 NY3d 400, 406), and we conclude that the same is true of
an *Alford* plea (*see generally Matter of Silmon v Travis*, 95 NY2d 470,
475).  Even assuming, arguendo, that defendant's contention survived
the plea, we conclude that defendant has "failed to demonstrate [his]
factual innocence" (*People v Caldavado*, 26 NY3d 1034, 1037; *see People
v Larock*, 139 AD3d 1241, 1244, *lv denied* 28 NY3d 932).

Defendant had over $15,000 in cash on his person when he was
arrested on the charges in appeal No. 1.  He contends that this money

was unrelated to the charged crimes, and that the People's refusal to return it left him unable to retain counsel and denied him his right to counsel of his choice (*see generally Luis v United States*, ___ US ___, ___, 136 S Ct 1083, 1089; *United States v Gonzalez-Lopez*, 548 US 140, 144). Although this contention survives defendant's plea (*see People v Griffin*, 20 NY3d 626, 630-632), we conclude that it is encompassed by the waiver of the right to appeal set forth in the "settlement agreement" signed by defendant in connection with the guilty plea. That agreement provided that, for the purpose of resolving potential civil forfeiture claims available to the District Attorney under CPLR article 13-A, the cash was subject to forfeiture as the proceeds or instrumentality of a crime (*see CPLR 1311 [1]; see generally Morgenthau v Citisource, Inc.*, 68 NY2d 211, 217-218), and defendant "waive[d] any right of appeal he may have regarding the forfeiture of the property." In any event, even assuming that the waiver did not encompass defendant's contention that he was denied his right to counsel of his choice as the result of the People's refusal to return the cash, we conclude that his contention is unpreserved for our review (*see People v Kamp*, 129 AD3d 1339, 1341, *lv denied* 26 NY3d 969; *People v Sims*, 105 AD3d 415, 416, *lv denied* 21 NY3d 1009; *see generally People v Tineo*, 64 NY2d 531, 535-536). While defendant repeatedly questioned why the money was not being returned to him, he never made the specific argument that County Court should order it returned to protect his right to counsel of his choice (*see* CPL 470.05 [2]), nor did he request a hearing to test the People's assertion that the money was related to the charged crimes (*cf. Kaley v United States*, ___ US ___, ___, 134 S Ct 1090, 1095).

Defendant further contends in appeal No. 1 that the court should have directed that the grand jury minutes be disclosed to him. Even assuming, arguendo, that this contention survives his plea (*cf. People v Ippolito*, 114 AD3d 703, 703), we conclude that he failed to show the requisite "compelling and particularized need" for disclosure of the minutes to overcome the statutory presumption of grand jury secrecy (*People v Robinson*, 98 NY2d 755, 756; *see People v Eun Sil Jang*, 17 AD3d 693, 694; *see generally* CPL 190.25 [4] [a]). His related constitutional claim is unpreserved for our review (*see People v Lane*, 7 NY3d 888, 889), and it is without merit in any event (*see generally Robinson*, 98 NY2d at 756-757). Defendant's contention in appeal No. 1 that the People violated their *Brady* obligation is forfeited by his guilty plea and is in any event without merit (*see People v Chinn*, 104 AD3d 1167, 1168, *lv denied* 21 NY3d 1014). Defendant has not established that the People had access to his text messages prior to his plea or that those messages are exculpatory (*see People v Hotaling*, 135 AD3d 1171, 1173; *see generally People v Santorelli*, 95 NY2d 412, 421-422), and his " 'speculation concerning the existence of [allegedly exculpatory video evidence] is insufficient to establish a . . . Brady violation' " (*People v Bryant*, 298 AD2d 845, 846, *lv denied* 99 NY2d 556; *see People v Burton*, 126 AD3d 1324, 1325-1326, *lv denied* 25 NY3d 1199; *People v Johnson*, 60 AD3d 1496, 1497, *lv denied* 12 NY3d 926).

We further conclude in appeal No. 1 that the court properly

refused to suppress evidence recovered from defendant's vehicle without conducting a hearing.  It was apparent from information available to defendant at the time of his request that the search of his vehicle was based on the automobile exception to the warrant requirement, i.e., probable cause to believe that the vehicle contained evidence of the charged crimes (*see People v Jackson*, 52 AD3d 1318, 1319, *lv denied* 11 NY3d 737; *People v Brown*, 24 AD3d 884, 886, *lv denied* 6 NY3d 832; *see generally People v Blasich*, 73 NY2d 673, 678-680).  Inasmuch as defendant made no allegations questioning the applicability of that exception, he "did not raise any factual issue warranting a hearing" (*People v Thomason*, 37 AD3d 304, 305; *see generally* CPL 710.60 [3]; *People v Mendoza*, 82 NY2d 415, 421-422).

Even assuming, arguendo, that defendant's request for dismissal of the indictment in each appeal based on police misconduct survives his pleas and is preserved for our review (*cf. People v Zer*, 276 AD2d 259, 259, *lv denied* 96 NY2d 837), we conclude that the record does not establish any misconduct sufficiently egregious to warrant that relief (*see People v Peterkin*, 12 AD3d 1026, 1027, *lv denied* 4 NY3d 766; *People v Ranta*, 203 AD2d 307, 307, *lv denied* 83 NY2d 970, *reconsideration denied* 85 NY2d 979; *cf. People v Isaacson*, 44 NY2d 511, 518-519, *rearg denied* 45 NY2d 776).

Defendant's further contention in appeal No. 1 that the court erred in accepting his *Alford* plea in the absence of " 'strong evidence of actual guilt' " in the record is not preserved for our review because he failed to move to withdraw his plea or to vacate the judgment of conviction (*People v Elliott*, 107 AD3d 1466, 1466, *lv denied* 22 NY3d 996; *see People v Heidgen*, 22 NY3d 981, 981-982; *see also People v Sherman*, 8 AD3d 1026, 1026, *lv denied* 3 NY3d 681).  In any event, we conclude that the record contains the requisite evidence of guilt to support the plea (*see People v Richardson*, 132 AD3d 1313, 1316, *lv denied* 26 NY3d 1149; *Elliott*, 107 AD3d at 1466; *People v Stewart*, 307 AD2d 533, 534).  Defendant's remaining challenges to the voluntariness of his plea in each appeal are likewise unpreserved for our review (*see generally People v Gilbert*, 111 AD3d 1437, 1437, *lv denied* 22 NY3d 1138; *Sherman*, 8 AD3d at 1026), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Defendant further contends with respect to each appeal that he was denied effective assistance of counsel because the attorney who represented him at the time of his pleas had previously represented one of the victims of the incident underlying appeal No. 1, and thus had a conflict of interest.  Defendant was informed of that potential conflict, however, and agreed to waive it, "thereby waiving any claim of possible prejudice resulting from the potential conflict" (*People v Little*, 139 AD3d 1356, 1357, *lv denied* 28 NY3d 933; *see generally People v Roberts*, 251 AD2d 431, 432, *lv denied* 92 NY2d 882, *reconsideration denied* 92 NY2d 904).  We reject defendant's additional claims of ineffective assistance of counsel, "inasmuch as he received 'an advantageous plea [bargain] and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Hoyer*, 119 AD3d

1457, 1458, quoting *People v Ford*, 86 NY2d 397, 404).

We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment in either appeal.

Entered:  March 31, 2017                      Frances E. Cafarell
                                              Clerk of the Court