Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered July 31, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon an Alford plea, of burglary in the second degree (Penal Law § 140.25 [2]). In appeal No. 2, he appeals from a judgment convicting him, upon a plea of guilty, of tampering with a witness in the third degree (§ 215.11 [2]).
We reject defendant’s contention in appeal No. 1 that his claim of actual innocence may be reviewed on direct appeal following his Alford plea. A claim of actual innocence “must be based upon reliable evidence which was not presented at the [time of the plea]” (People v Hamilton, 115 AD3d 12, 23 [2014]), and thus must be raised by a motion pursuant to CPL article 440 (see generally id. at 26-27). Moreover, a plea of guilty “ ‘should not be permitted to be used as a device for a defendant to avoid a trial while maintaining a claim of factual innocence’ ” (People v Conway, 118 AD3d 1290, 1290 [2014], quoting People v Plunkett, 19 NY3d 400, 406 [2012]), and we conclude that the same is true of an Alford plea (see generally Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]). Even assuming, arguendo, that defendant’s contention survived the plea, we conclude that defendant has “failed to demonstrate [his] factual innocence” (People v Caldavado, 26 NY3d 1034, 1037 [2015]; see People v Larock, 139 AD3d 1241, 1244 [2016], lv denied 28 NY3d 932 [2016]).
Defendant had over $15,000 in cash on his person when he was arrested on the charges in appeal No. 1. He contends that this money was unrelated to the charged crimes, and that the People’s refusal to return it left him unable to retain counsel and denied him his right to counsel of his choice {see generally *1816 Luis v United States, 578 US —, —, 136 S Ct 1083, 1089 [2016]; United States v Gonzalez-Lopez, 548 US 140, 144 [2006]). Although this contention survives defendant’s plea (see People v Griffin, 20 NY3d 626, 630-632 [2013]), we conclude that it is encompassed by the waiver of the right to appeal set forth in the “settlement agreement” signed by defendant in connection with the guilty plea. That agreement provided that, for the purpose of resolving potential civil forfeiture claims available to the District Attorney under CPLR article 13-A, the cash was subject to forfeiture as the proceeds or instrumentality of a crime (see CPLR 1311 [1]; see generally Morgenthau v Citisource, Inc., 68 NY2d 211, 217-218 [1986]), and defendant “waive [d] any right of appeal he may have regarding the forfeiture of the property.” In any event, even assuming that the waiver did not encompass defendant’s contention that he was denied his right to counsel of his choice as the result of the People’s refusal to return the cash, we conclude that his contention is unpreserved for our review (see People v Kamp, 129 AD3d 1339, 1341 [2015], lv denied 26 NY3d 969 [2015]; People v Sims, 105 AD3d 415, 416 [2013], lv denied 21 NY3d 1009 [2013]; see generally People v Tineo, 64 NY2d 531, 535-536 [1985]). While defendant repeatedly questioned why the money was not being returned to him, he never made the specific argument that County Court should order it returned to protect his right to counsel of his choice (see CPL 470.05 [2]), nor did he request a hearing to test the People’s assertion that the money was related to the charged crimes (cf. Kaley v United States, 571 US —, —, 134 S Ct 1090, 1095 [2014]).
Defendant further contends in appeal No. 1 that the court should have directed that the grand jury minutes be disclosed to him. Even assuming, arguendo, that this contention survives his plea (cf. People v Ippolito, 114 AD3d 703, 703 [2014]), we conclude that he failed to show the requisite “compelling and particularized need” for disclosure of the minutes to overcome the statutory presumption of grand jury secrecy (People v Robinson, 98 NY2d 755, 756 [2002]; see People v Eun Sil Jang, 17 AD3d 693, 694 [2005]; see generally CPL 190.25 [4] [a]). His related constitutional claim is unpreserved for our review (see People v Lane, 7 NY3d 888, 889 [2006]), and it is without merit in any event (see generally Robinson, 98 NY2d at 756-757). Defendant’s contention in appeal No. 1 that the People violated their Brady obligation is forfeited by his guilty plea and is in any event without merit (see People v Chinn, 104 AD3d 1167, 1168 [2013], lv denied 21 NY3d 1014 [2013]). Defendant has not established that the People had access to his text messages prior to his plea or that those messages are exculpatory {see *1817 People v Hotaling, 135 AD3d 1171, 1173 [2016]; see generally People v Santorelli, 95 NY2d 412, 421-422 [2000]), and his “ ‘speculation concerning the existence of [allegedly exculpatory video evidence] is insufficient to establish a . . . Brady violation’ ” (People v Bryant, 298 AD2d 845, 846 [2002], lv denied 99 NY2d 556 [2002]; see People v Burton, 126 AD3d 1324, 1325-1326 [2015], lv denied 25 NY3d 1199 [2015]; People v Johnson, 60 AD3d 1496, 1497 [2009], lv denied 12 NY3d 926 [2009]).
We further conclude in appeal No. 1 that the court properly refused to suppress evidence recovered from defendant’s vehicle without conducting a hearing. It was apparent from information available to defendant at the time of his request that the search of his vehicle was based on the automobile exception to the warrant requirement, i.e., probable cause to believe that the vehicle contained evidence of the charged crimes (see People v Jackson, 52 AD3d 1318, 1319 [2008], lv denied 11 NY3d 737 [2008]; People v Brown, 24 AD3d 884, 886 [2005], lv denied 6 NY3d 832 [2006]; see generally People v Blasich, 73 NY2d 673, 678-680 [1989]). Inasmuch as defendant made no allegations questioning the applicability of that exception, he “did not raise any factual issue warranting a hearing” (People v Thomason, 37 AD3d 304, 305 [2007]; see generally CPL 710.60 [3]; People v Mendoza, 82 NY2d 415, 421-422 [1993]).
Even assuming, arguendo, that defendant’s request for dismissal of the indictment in each appeal based on police misconduct survives his pleas and is preserved for our review (cf People v Zer, 276 AD2d 259, 259 [2000], lv denied 96 NY2d 837 [2001]), we conclude that the record does not establish any misconduct sufficiently egregious to warrant that relief (see People v Peterkin, 12 AD3d 1026, 1027 [2004], lv denied 4 NY3d 766 [2005]; People v Ranta, 203 AD2d 307, 307 [1994], lv denied 83 NY2d 970 [1994], denied upon reconsideration 85 NY2d 979 [1995]; cf. People v Isaacson, 44 NY2d 511, 518-519 [1978], rearg denied 45 NY2d 776 [1978]).
Defendant’s further contention in appeal No. 1 that the court erred in accepting his Alford plea in the absence of “ ‘strong evidence of actual guilt’ ” in the record is not preserved for our review because he failed to move to withdraw his plea or to vacate the judgment of conviction (People v Elliott, 107 AD3d 1466, 1466 [2013], lv denied 22 NY3d 996 [2013]; see People v Heidgen, 22 NY3d 981, 981-982 [2013]; see also People v Sherman, 8 AD3d 1026, 1026 [2004], lv denied 3 NY3d 681 [2004]). In any event, we conclude that the record contains the requisite evidence of guilt to support the plea (see People v Richardson, 132 AD3d 1313, 1316 [2015], lv denied 26 NY3d 1149; Elliott, *1818 107 AD3d at 1466; People v Stewart, 307 AD2d 533, 534 [2003]). Defendant’s remaining challenges to the voluntariness of his plea in each appeal are likewise unpreserved for our review (see generally People v Gilbert, 111 AD3d 1437, 1437 [2013], lv denied 22 NY3d 1138 [2014]; Sherman, 8 AD3d at 1026), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends with respect to each appeal that he was denied effective assistance of counsel because the attorney who represented him at the time of his pleas had previously represented one of the victims of the incident underlying appeal No. 1, and thus had a conflict of interest. Defendant was informed of that potential conflict, however, and agreed to waive it, “thereby waiving any claim of possible prejudice resulting from the potential conflict” (People v Little, 139 AD3d 1356, 1357 [2016], lv denied 28 NY3d 933 [2016]; see generally People v Roberts, 251 AD2d 431, 432 [1998], lv denied 92 NY2d 882 [1998], denied upon reconsideration 92 NY2d 904 [1998]). We reject defendant’s additional claims of ineffective assistance of counsel, “inasmuch as he received ‘an advantageous plea [bargain] and nothing in the record casts doubt on the apparent effectiveness of counsel’ ” (People v Hoyer, 119 AD3d 1457, 1458 [2014], quoting People v Ford, 86 NY2d 397, 404 [1995]).
We have reviewed defendant’s remaining contentions and conclude that none warrants reversal or modification of the judgment in either appeal.
Present — Whalen, P.J., Centra, Carni, Curran and Troutman, JJ.